IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12 CR 381-3 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| HRISHIKESH GODBOLE, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

This matter comes before me on the motion of the United States for the pretrial detention of defendant Hrishikesh Godbole made at the arraignment in this case.

The Grand Jury indicted Godbole on eleven counts arising out of an alleged conspiracy or scheme to receive and negotiate federal income tax refund checks obtained by the filing of false and fraudulent income tax returns. That indictment was unsealed and filed on August 15, 2012.[1]

Godbole was arraigned on the indictment before Magistrate Judge Kenneth S. McHargh on August 16, 2012. At that arraignment, the United States moved for detention, and Godbole remained in custody pending the outcome of the detention hearing.

I conducted the detention hearing on August 21, 2012. At the hearing, the United States offered the testimony of witnesses and proffered additional facts. Godbole, represented by retained counsel, also proffered additional facts. After hearing argument, I took the

---

[1] ECF # 1.

motion under advisement.[2] Godbole remains in custody pending the ruling on the motion for detention.[3]

Based on the applicable law and the facts as presented at the hearing on the motion for detention, both of which I will discuss fully below, I find that the United States has proven by a preponderance of the evidence that Godbole poses an actual risk of flight. I further find, however, that a condition or combination of conditions exist that will reasonably assure the appearance of Godbole as required. I will, therefore, order Godbole released pending trial subject to such conditions to be determined and finalized by another hearing.

## Applicable Law

Title 18 U.S.C. § 3142(b) provides that a court should order the pre-trial release of a defendant on a personal recognizance bond "unless the [court] determines that such release will not reasonably assurance the appearance of the person who is required...." If the court decides that a defendant's release on an unsecured bond poses a risk of flight, the position of the United States here, the law nevertheless favors pre-trial release "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required."[4] The court should order pre-trial detention only if it decides, after a detention hearing, "that no condition or combination of

---

[2] ECF # 13.

[3] *Id.*

[4] 18 U.S.C. § 3142(c)(1)(B).


conditions will reasonably assure the appearance of the person as required...."[5] Although certain crimes give rise to a statutory presumption that no condition or combination of conditions will reasonably assure a defendant's appearance,[6] the indictment alleges no such crimes by Godbole in this case, as the United States admits.

Under the statutory scheme, which generally favors bail release, the Government must meet a dual burden.[7] First, the United States must prove by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.[8] If the United States satisfies that burden, it must demonstrate by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the defendant's presence in court.[9]

In making the custody versus bail decision, the Court must consider the factors set out in 42 U.S.C. § 3142(g):

- The nature and circumstances of the offense charged including whether the offense is a crime of violence or involves a controlled substance;

- The weight of the evidence against the defendant;

- The history and characteristics of the defendant; and

---

[5] 18 U.S.C. § 3142(e).

[6] *Id.*

[7] *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).

[8] *Id.*

[9] *Id.*

- The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.[10]

## Analysis

**A.     Evidence as to the Section 3142(g) factors**

*1.     Nature and circumstances of the offenses charged*

The indictment charges Godbole with conspiracy to defraud the United States,[11] conspiracy to commit mail fraud,[12] mail fraud (three counts),[13] aggravated identity theft (two counts),[14] false claim against the United States (two counts),[15] and false statement (two counts).[16]

None of the crimes alleged are crimes of violence or involve other specific circumstances identified in 18 U.S.C. § 3142(g)(1).

---

[10] *United States v. Amir*, No. 1:10cr439-1, 2011 WL 2711350, at *4 (N.D. Ohio July 13, 2011).

[11] 18 U.S.C. § 286.

[12] 18 U.S.C. § 371.

[13] 18 U.S.C. §§ 1341 and 2.

[14] 18 U.S.C. § 1028(A)(1).

[15] 18 U.S.C. §§ 287 and 2.

[16] 18 U.S.C. § 1001(a)(2).

2.   *The weight of the evidence against the defendant*

As set out in the hearing, the evidence against Godbole appears to center on his alleged activity in having fraudulently obtained tax refund checks cashed by a defendant indicted, and convicted in another case, Daxesj Patel.[17] Allegedly, Godbole had sold Patel a business in Canton, and Patel owed Godbole money as a result of that sale.

After Patel had agreed to cooperate with the United States as part of a plea agreement in his case, he consented to the recording of telephone conversations with Godbole in which Godbole instructed Patel to tell the FBI that he had gotten the fraudulent refund checks from "black people" rather than from Godbole. Allegedly, Patel will testify at trial that he received the fraudulent checks from Godbole with instructions to cash those checks through the Canton business and gave proceeds from those checks to Godbole. Twenty-five checks totaling approximately $63,000.00 were cashed by Patel through the Canton business.

3.   *History and characteristics of the defendant*

Godbole is a citizen of India. He first entered the United States in June of 2001 on a student visa and has remained in the United States since in legal immigrant status.

Godbole has resided in the Northern District of Ohio since his immigration in 2001. He married in 2003, has one child, and currently resides in Willoughby, Ohio. He earned a masters degree in electrical engineering from Cleveland State University. He currently owns and operates a business in Wickliffe, Ohio.

---

[17] *United v. Daxesj Patel*, Case No. 1:12cr36-6.

According to the information obtained by Pretrial Services, Godbole's assets exceed his liabilities, and his monthly income exceeds his monthly expenses. He has an estimated positive monthly cash flow of $1,875.

Godbole has good physical and mental health and no history of prior or current abuse of alcohol or controlled substances.

His criminal history includes twelve convictions on traffic citations and one conviction for attempting to pass a bad check, a misdemeanor.

Godbole's mother, father, and sister reside in India. Since immigrating to the United States, he has returned to India for family visits on four occasions. His last visit commenced in May of 2012, and he returned to the United States in July of 2012. He represents that he went to India in May of 2012 because his father was undergoing surgery. He departed for India after receiving a target letter from the Office of the United States Attorney relating to the charges in this case and after retaining counsel to represent him with respect to the target letter. He has two Indian passports, both of which were marked as exhibits for the detention hearing and which are currently in the custody of the Court.

At the time of his arrest in this case, Godbole was not on probation, parole, or release pending trial, sentencing, appeal or completion of sentence for any offense.

**4.** ***The nature and seriousness or the danger to any person or the community***

The United States presented no evidence of danger to any person or the community posed by Godbole. The motion for detention is limited to the ground of risk of flight.

**B.      The weighing of the § 3142(g) factors**

*1.      Actual risk of flight*

The indictment charges Godbole with eleven felony counts. As an alien, Godbole faces deportation if convicted of a felony. He has extensive family ties in India and the means and resources to leave the country. He has traveled to India on multiple occasions since immigrating to the United States.[18]

Based on this evidence, I find that the United States has satisfied its burden by a preponderance of the evidence that Godbole poses a risk of actual flight.

---

[18] The United States argues that Godbole made the May, 2012 trip to India to avoid arrest on the indictment anticipated after receiving the target letter. The United States submits that Godbole only returned in July of 2012 because he learned, through his community contacts, that Patel, the primary witness against him, had been sentenced on federal charges and was being deported back to India. The United States reasons that Godbole assumed that Patel would not be available to testify against him and, therefore, it was safe to return to the United States. Unknown to Godbole at the time was an arrangement to defer Patel's deportation until he testifies against Godbole.

As interesting as this theory may be, it is probable that had Godbole gone to India to avoid arrest, he would have waited for confirmation of Patel's presence back in India (through these community contacts) before returning to the United States. Rather, the evidence is that he remained in contact with his retained counsel while in India; advised counsel of his delay in returning because of the postponement of his father's surgery; and returned to the United States voluntarily even though Patel had not yet been deported, no indictment had been returned against him, and no warrant for his arrest had issued.

2. *Condition or combination of conditions to reasonably assure the defendant's presence at trial*

Although the charges in the indictment against Godbole are serious, and the weight of the evidence against him is substantial, the offenses charged do not involve any of the special circumstances set out in § 3142(g)(1).

Godbole enjoys good physical and mental health, has family ties in the Northern District of Ohio through his wife and child, owns and operates a business in the District, has financial resources to provide for himself and his family, has resided in the District since 2001, and has no history of current or prior drug or alcohol abuse. He does have a criminal record, but none of the convictions involve anything greater than misdemeanors.

At the time of his arrest and arraignment, Godbole was not on probation, parole, or other release pending trial, sentencing, appeal, or completion of a sentence for any offense.

3. *The nature and seriousness of the danger to any person or the community posed by defendant's release*

The United States does not argue in this detention motion that Godbole poses any danger to any person or the community if released.

4. *Conditions or combination of conditions to reasonably assure Godbole's presence at trial*

In light of the factors set out above, I find that a combination of the standard conditions of release imposed in this District, and certain additional conditions; including, but not limited to:

- the surrender of any passport,

- no contact directly or indirectly with any person who is or who may be a victim or witness in the investigation or prosecution,

- no contact with any co-defendants, and

- home incarceration with electronic monitoring will reasonably assure Godbole's presence at further proceedings in this case.

The Court will issue an order setting conditions of release after additional actions by Pretrial Services and a hearing as explained below.

## Conclusion

Based on the foregoing, although I find that the United States has proved by a preponderance of the evidence that Godbole poses an actual risk of flight, I further find that conditions or a combination of conditions can be imposed that will reasonably assure Godbole's presence at trial. Accordingly, it is hereby ORDERED:

- Pretrial Services shall forthwith conduct an inspection of Godbole's current residence to determine its suitability for home incarceration with electronic monitoring and deliver to the Court a supplemental report by no later than Tuesday, August 28, 2012.

- The Court will hold a hearing on Wednesday, August 29, 2012, at 10:00 a.m. At that time, the Court will issue an order setting conditions of release provided that Pretrial Services reports that Godbole's current residence is suitable for home incarceration with electronic monitoring. The Court will consider at that hearing the imposition of possible additional conditions of release. Godbole's release under that order will be effective upon Pretrial Services's placement of him at the designated address in home incarceration with electronic monitoring.

- If counsel reach an agreement on all conditions of release, and Pretrial Services is prepared to place Godbole in home incarceration with electronic monitoring in advance of August 29, 2012, counsel and Pretrial Services may so advise the Court, and the hearing scheduled for August 29, 2012, may be scheduled earlier.

IT IS SO ORDERED.


Dated:   August 24, 2012                                          s/ William H. Baughman, Jr.
                                                                  United States Magistrate Judge